July 12, 1917. The opinion of the Court was delivered by
The defendant was indicted, tried, and convicted at the July term of Court, 1916, for Jasper county, before Judge Peurifoy, and a jury. After sentence defendant appeals.
The third and fourth exceptions are:
(3) His Honor erred in charging the jury that, "If you find from the testimony that the defendant transported from *Page 486 
without this State into this State more than one gallon of whiskey, it makes no difference to whom it was to be delivered, but, on the contrary, gentlemen of the jury, under this act which has just been read to you, if you find it was delivered to other persons or was intended for other persons, these persons would have been guilty and liable for punishment for receiving whiskey unlawfully, and if you find, gentlemen of the jury, that it was more than the law allowed, as I have read it to you, it would be your duty to find them guilty." Whereas, it is respectfully submitted, that his Honor should have charged the jury that, "If you find from the testimony the defendant transported eleven quarts of whiskey or wine from Savannah, Ga., to Hardeeville, S.C. and did not have more than four quarts for himself and four quarts for any other one person, and that these parties for whom the defendant brought the whiskey intended to use said whiskey for their own use, and not unlawfully, then your verdict should be not guilty."
(4) That his Honor erred in refusing to charge the following requests: That "if you find from the testimony that the defendant transported from Savannah, Ga., to Hardeeville, S.C. for hire no more than four quarts of whiskey for any one person, and the person for whom it was intended did not intend using it for unlawful purposes, and that the whiskey was taken from the defendant before he had an opportunity to deliver the same, then your verdict should be not guilty."
These exceptions must be sustained. Under the law known as the gallon-a-month law a person can order and receive from without the State one gallon of whiskey every month for his personal use. Under this act it is unlawful for any one to deliver the liquor to any one except the consignee. The gallon-a-month law did not change the existing law of the right to bring whiskey in this State for the use of another except that it limited the amount to one gallon per month for personal use and *Page 487 
required it to be delivered to the consignee. Any person, under the law as it existed at the time this defendant is charged with violation of law, could lawfully receive outside of the State and bring into the State and transport said liquor, one gallon of liquor for one person for personal use each month when ordered by a person, provided the delivery was made to the consignee.
The defendant, as a private carrier for hire, had the same right to bring in liquor in the State as a common carrier, such as railways and express companies, subject to the same law and restrictions.
The person ordering the liquor had the choice of bringing it in by a private carrier for hire or a common carrier. So when his Honor charged: "If the defendant was a common carrier for hire and has complied with the law of the land, I charge you that he would have a right to transport whiskey in this State under that law. But I charge you that, if he is not a common carrier for hire and has not complied with the law as to common carriers, then he would be guilty under the law" — he was in error, as a private carrier for hire has the same right to transport as a common carrier, provided he complies with the law of the land.
It is unnecessary to consider the other exceptions.
The judgment is reversed, and a new trial granted.
MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.
MR. CHIEF JUSTICE GARY dissents.